IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCES E. FLORES,

        Plaintiff,

v.                                    No. CIV-09-0107 LAM

MICHAEL J. ASTRUE,  Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 16)* (hereinafter "*Motion*"), filed in this case on June 30, 2009.  In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case.  The Court has reviewed Plaintiff's *Motion (Doc. 16)*, her *Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 17)* (hereinafter "*Memorandum in Support*"), *Defendant's Response to Plaintiff's Motion to Remand or Reverse Administrative Agency Decision (Doc. 19)* (hereinafter "*Response*"), Plaintiff's *Reply in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 20)* (hereinafter "*Reply*"), the record of this case and relevant law.  Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*").  For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and this case **REMANDED** to the Commissioner of Social Security (hereinafter, "Commissioner") for further proceedings consistent with this Memorandum Opinion and Order.

# I.  Procedural History

On March 7, 2006, Plaintiff Frances Flores filed an application for supplemental security income benefits, with a protective filing date of February 28, 2006.  (*See R. at 11, 26, 91, 93.*)[1] Plaintiff alleges a disability due to hearing loss.  (*R. at 85.*)  Plaintiff's application was denied at the initial and reconsideration levels on August 16, 2006 and November 2006, respectively. (*R. at 36-38, 31-33.*)  On January 22, 2007, Plaintiff requested a hearing and an administrative law judge (hereinafter "ALJ") conducted a hearing on April 8, 2008.  (*R. at 29, 133.*)[2]  Plaintiff was present and testified at the hearing.  (*R. at 135-141.*)  Plaintiff was represented by counsel at the hearing.  (*R. at 135.*)[3]  No vocational expert (hereinafter "VE") was present or testified at the hearing.  (*R. at 135-142.*)  On August 29, 2008, the ALJ issued his decision in which he found that Plaintiff was not disabled at step five of the five-step sequential evaluation process[4] because jobs exist in significant numbers in the national economy which Plaintiff can perform.  (*R. at 15-16.*) Therefore, the ALJ concluded that Plaintiff was not entitled to  supplemental security income benefits because she was not disabled under relevant sections of the Social Security Act.  (*R. at 16.*)

After the ALJ issued his decision, Plaintiff filed a request for review of the ALJ's decision by the Appeals Council.  (*R. at 7.*)  On December 5, 2008, the Appeals Council issued its decision denying Plaintiff's request for review, making the ALJ's decision the final decision of the

---

[1]The application itself is not part of the record.

[2]Plaintiff's request for a hearing was filed more than 60 days after the filing of the Social Security Administration's (hereinafter "SSA") Notice of Reconsideration, which is untimely pursuant to 20 C.F.R. § 404.933(b)(1), but ALJ found that there was good cause for the delay and, therefore, decided her case on the merits.  (*R. at 11, 30.*)

[3]Plaintiff had different counsel at the hearing than the counsel currently representing her in this case.  *See Memorandum in Support (Doc. 17)* at 4 n.3.

[4]*See* 20 C.F.R. § 416.920(a)(1).

Commissioner.  (*R. at 3-6.*)  On February 4, 2009, Plaintiff filed her complaint in this case.
***Complaint*** (*Doc. 1*).

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been

met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

For purposes of social security income, a person is considered to be disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve [12] months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the sequential evaluation process, the claimant has the burden to show that: (1) he or she is not engaged in "substantial gainful activity;" and (2) he or she has a "severe medically determinable . . . impairment . . . or a combination of impairments" which has lasted or is expected to last for at least one year; and (3) his or her impairment(s) either meet(s) or equal(s) one of the "Listings"[5] of presumptively disabling impairments; or (4) he or she is unable to perform his or her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i-iv); *Grogan*, 399 F.3d at 1261. If the claimant successfully meets his or her burden, at the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his or her residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[5]20 C.F.R. § 404, subpt. P, App. 1.

### III.  Plaintiff's Age, Education, and Work Experience;
### and the ALJ's Decision

Ms. Flores was born on September 13, 1963 and was 42 years old when she filed her application for supplemental security income.  (*R. at 15, 136*).  She completed the eleventh grade in school.  (*Id.*)  Her only work experience has been at the State Fair and at a gas station. (*R. at 137.*)  At step one of the five-step evaluation process, the ALJ found that Ms. Flores had not been engaged in substantial gainful activity since at least January 6, 2006, the alleged onset date of her disability.  (*R. at 12.*)  At step two, the ALJ found that Ms. Flores' bilateral mixed hearing loss is a severe, medically determinable impairment within the meaning of the Social Security Act and Regulations.  (*Id.*)  The ALJ stated that Ms. Flores' records "reveal that her hearing loss is correctable with hearing aids," but because her impairment imposes "significant limitations of function," it is considered severe within the meaning of the Social Security Act and Regulations. (*Id.*)  At the third step, the ALJ found that Ms. Flores' impairment does not meet or medically equal any of the Listings of Impairments found in 20 C.F.R. § 404, subpt. P, App. 1.  (*Id.*)  The ALJ stated that Ms. Flores "indicated that she can hear well enough to perform many jobs when she is wearing hearing aids," and the ALJ found that Ms. Flores was not credible about her efforts to obtain free or low-cost hearing aids.  (*R. at 13.*)

Before step four, the ALJ determined that Ms. Flores has the RFC to perform all of the exertional requirements of both light and sedentary work, reduced by nonexertional limitations associated with her hearing loss.  (*Id.*)  Specifically, the ALJ stated that Ms. Flores "is limited to jobs that do not require her to hear more than basic communications necessary to learn the job and understand job instructions and jobs that would not expose her to even moderate amounts of ambient noise or hazards resulting from her inability to hear."  (*Id.*).  In making this finding, the ALJ took

into account Ms. Flores' reports regarding her symptoms and limitations. (*R. at 13-14.*) The ALJ found that Ms. Flores' statements regarding her work history, ability to work, and symptoms and limitations were inconsistent and conflicted with evidence in the record. (*Id.*) The ALJ found Ms. Flores' "allegations concerning her ability to work only partially credible." (*R. at 14.*) The ALJ also took into account an opinion from a specialist with the New Mexico Department of Human Services, the opinions of the specialist who examined Ms. Flores as part of these proceedings, and the findings made by the medical experts who reviewed Ms. Flores' records for the SSA. (*Id.*) At step four, the ALJ found that Ms. Flores has no relevant past work,[6] so he was unable to determine whether she has the RFC to perform the requirements of her past relevant work. (*R. at 14-15.*) The ALJ, therefore, proceeded to step five of the sequential evaluation.

At the fifth and final step, the ALJ found that, considering Ms. Flores' RFC, age, education, and work experience, jobs exist in significant numbers in the national economy that she could perform. (*R. at 15.*) The ALJ stated that Ms. Flores has nonexertional limitations related to her hearing impairment that prevent her from performing the full range of light or sedentary work, so the Medical-Vocational Rules (hereinafter "the Grids") can be used only as a framework for his decision. (*Id.*) The ALJ stated that "[t]he evidence of record supports a finding that, without hearing aids, Ms. Flores can perform unskilled jobs that require only minimal communication." (*Id.*) To support his finding, the ALJ stated that the evidence in the record shows that without hearing aids "Ms. Flores retains the ability to hear and understand at least simple oral instructions," and that "[s]he has no speech impairment and she can reasonably be expected to communicate

---

[6]As stated by the ALJ, "[t]he term 'past relevant work' means work performed, either as the claimant actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must established . . . [and] the work must have lasted long enough for the claimant to learn to do the job and the work must have been substantial gainful activity." (*R. at 14*, citing 20 C.F.R. § 416.965). The ALJ found that Ms. Flores' earning records show that she has not reported income consistent with substantial gainful activity since 1989, which is more than 15 years prior to her application for supplemental security income. (*R. at 14*).

simple information." (*Id.*)  The ALJ explained that, if the claimant retains basic communication abilities, the unskilled sedentary occupational base is not significantly eroded in those areas.  (*Id.*) (quoting Social Security Ruling (hereinafter "SSR") 96-9p (1996)).   The ALJ found that "Ms. Flores' hearing impairment does not substantially reduce the range of light and sedentary unskilled jobs she is able to perform," and, therefore, she is able to perform jobs that exist in significant numbers in the national economy and is not "disabled" under the Social Security Act and Regulations.  (*R. at 16*).

## IV.  Analysis

Ms. Flores contends that the ALJ's decision should be reversed or remanded for two reasons: (1) because the ALJ committed legal error at step five by relying on the Grids without obtaining VE testimony (***Memorandum in Support*** *(Doc. 17)* at 5-8); and (2) because the ALJ's finding that Ms. Flores is only partially credible at step four is not supported by substantial evidence (*id.* at 8-11).   As relief, Plaintiff asks the Court to reverse the Commissioner's decision or remand this case for further proceedings.  *Id.* at 11.  Defendant argues that the decision of the ALJ should be affirmed because he applied the correct legal standards and because his decision is supported by substantial evidence.  ***Response*** *(Doc. 19)* at 6-15.

### A.  The ALJ's Step-Five Application of the Grids

Ms. Flores asserts that the ALJ erred by applying the Grids because he failed to consult with a VE to determine the impact of Ms. Flores' hearing impairment on the occupational base. ***Memorandum in Support*** *(Doc. 17)* at 5.  Specifically, Ms. Flores contends that the ALJ should have relied on a VE to determine the availability of light or sedentary work that does not require more than basic communication and would not expose Ms. Flores to even moderate amounts of ambient noise.  *Id.* at 6.  Defendant responds that the ALJ properly relied on the Grids as a

framework to find that Ms. Flores is not disabled and did not need VE testimony because "[t]he ALJ properly determined that [Ms. Flores'] nonexertional limitations did not significantly reduce the range of light and sedentary unskilled jobs she could perform." **Response** *(Doc. 19)* at 7-8. Defendant states that the ALJ properly relied on evidence in the record showing that with hearing aids Ms. Flores "had no more than minimal limitations in her ability to hear and communicate," and that even without hearing aids Ms. Flores "could still perform unskilled jobs requiring only minimal communication" because she retained the ability to hear and understand simple oral instructions, she had no speech impairment, and she could communicate simple information. *Id.*

The Grids provide to the Commissioner "administrative notice of the number of jobs that exist in the national economy at the various functional levels (*i.e.*, sedentary, light, medium, heavy, and very heavy)." *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984) (citing 20 C.F.R. § 404, subpt. P, App. 2, § 200.00(b)). If an individual's age, education, training, and RFC all coincide with the criteria of a particular rule in a Grid, the Commissioner may apply the Grid rule to determine whether or not the claimant is disabled. *Channel*, 747 F.2d at 579. Since a claimant's RFC is one aspect of the Grid rules, it must precisely match the RFC described in the rule. *Id.* at 579-80. Grid rules, however, only include RFC categories based on *exertional* limitations, not *nonexertional* limitations. *Id.* at 580. Exertional impairments may limit physical strength, whereas nonexertional impairments, including visual and hearing limitations and pain, do not directly limit physical strength but may reduce an individual's ability to perform gainful work nonetheless. *Id.* "[W]here a person has solely a nonexertional impairment(s), the [Grids] do not direct conclusions of disabled or not disabled;" instead "[c]onclusions must . . . be based on the principles in the appropriate sections of the regulations, giving consideration to the [Grids] for specific case situations in Appendix 2." SSR 85-15 at *1. In addition, if nonexertional impairments narrow the range of

possible work the claimant can perform, the Commissioner may only use the Grids as a "framework" for determining whether, in light of all the claimant's impairments, he or she has meaningful employment opportunity within the national economy. *See* 20 C.F.R. pt. 404, subpt. P, App. 2, 200.00(e)(2). In such cases, the ALJ may need to produce a vocational expert to testify as to whether specific jobs appropriate to the claimant's limitations exist in the national economy. *Channel*, 747 F.2d at 581 (stating that when nonexertional impairments limit the range of jobs available to a claimant, "the Secretary must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy") (citation omitted and internal quotation marks omitted).

Here, the ALJ found that "Ms. Flores has nonexertional limitations associated with her hearing impairment that prevent her from performing the full range of either light or sedentary work." (*R. at 15.*) The ALJ further found that evidence in the record supports a finding that Ms. Flores can perform unskilled jobs that require only minimal communication and, therefore, the range of light and sedentary unskilled jobs Ms. Flores is able to perform is not substantially reduced (*R. at 16.*) The ALJ relied on SSR 96-9p for this conclusion.

While the ALJ may be correct that the range of jobs Ms. Flores can perform is not substantially reduced because of her hearing impairment, the ALJ was nevertheless required to obtain VE testimony regarding this finding. *See Channel*, 747 F.2d at 581-83; *see also Burns v. Apfel*, No. 97-2323, 145 F.3d 1345, 1998 WL 278535 at *2 (10th Cir. June 1, 1998) (unpublished) (stating that using the Grids as a framework means "that the ALJ called a vocational expert (VE) to testify to the erosion of the claimant's occupational base") (citations omitted). Defendant relies on *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991) and *Castellano v. Secretary of Health and Human Servs.*, 26 F.3d 1027, 1030 (10th Cir. 1994) for his assertion that VE testimony is not

required in this case.  These cases, however, do not support Defendant's position.  First, *Hargis* states that when a claimant's RFC is diminished by both exertional and nonexertional limitations, either a VE's testimony or "other similar evidence" must be produced to establish the existence of jobs in the national economy.  945 F.2d at 1491.  The ALJ relies on SSR 96-9p for his finding that the number of jobs in the national economy are not significantly reduced by Ms. Flores' hearing loss.  (*R. at 15.*) (citing SSR 96-9p at *8, which states that if a claimant can hear and understand simple oral instructions and can communicate simple information, the unskilled sedentary occupational base would not be significantly eroded in these areas).  The Court finds that the ALJ's reliance on this ruling does not provide "similar evidence" as that of VE testimony to establish the existence of jobs in the national economy, because that ruling also states that, "[s]ince all work environments entail some level of noise, restrictions on the ability to work in a noisy workplace must be evaluated on an individual basis [and] [i]n such cases, it may be especially useful to consult a vocational resource."  SSR 96-9p at *9.  Secondly, the Court in *Castellano* held that the ALJ's use of the Grids in that case was not error because the ALJ found that the plaintiff's testimony regarding his pain was not fully credible, and cited to *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988), which held that a nonexertional limitation does not preclude reliance on the Grids if the nonexertional limitation does not further limit the claimant's ability to work.  *Castellano*, 26F.3d at 1030.  This case is inapplicable here because the ALJ found that Ms. Flores' nonexertional limitation -- her hearing impairment -- does limit her ability to work.  (*R. at 13.*) (finding that Ms. Flores "is limited to jobs that do not require her to hear more than basic communications necessary to understand job instructions and jobs that would not expose her to even moderate amounts of ambient noise or hazards resulting from her inability to hear").

Since the ALJ found that Ms. Flores' RFC is limited to "jobs that would not expose her to even moderate amounts of ambient noise or hazards resulting from her inability to hear" (*R. at 13*), testimony from a VE is required to make the finding that Ms. Flores' hearing impairment does not substantially reduce the range of jobs she is able to perform. *See* SSR 85-15 at *7 ("There are so many possible medical variables of hearing loss that consultation of vocational reference materials or the assistance of a [VE] is often necessary to decide the effect on the broad world of work."), and at *8 ("Where an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable [and] resolution of the issue will generally require consultation of occupational reference materials or the services of a [VE]."). The ALJ's finding that Ms. Flores is able to perform jobs that exist in significant numbers in the national economy without the support of VE testimony is, therefore, inadequate under the Social Security Act and Regulations. The Court recommends that, on remand, the Commissioner consider VE testimony to determine whether Ms. Flores is able to perform jobs that exist in significant numbers in the national economy.

### B. The ALJ's Credibility Finding

Ms. Flores next argues that the ALJ's finding that she is only partially credible is not supported by substantial evidence. ***Memorandum in Support*** *(Doc. 17)* at 8. Defendant contends that this finding is supported by evidence in the record and, regardless of whether or not it is supported, the finding is irrelevant to the ALJ's ultimate decision regarding Ms. Flores' disability. ***Response*** *(Doc. 19)* at 10-15.

At the outset, the Court notes that Ms. Flores does not contest the ALJ's ultimate finding regarding her RFC, which is the determination the ALJ made when he considered her credibility regarding her ability to work. For this reason, the Court agrees with Defendant that the ALJ's finding regarding Ms. Flores' credibility is irrelevant because it would make no difference to the

11

outcome of this case if the ALJ's credibility finding were to be overturned.  In addition, Ms. Flores states that she is challenging the ALJ's credibility finding regarding her ability to hear. ***Memorandum in Support*** *(Doc. 17)* at 8.  The ALJ, however, found that Ms. Flores was partially credible regarding her allegations concerning her ability to work, not regarding her ability to hear. (*R. at 14*).  The ALJ assessed Ms. Flores' allegations concerning her ability to work in spite of her hearing impairment, which is not the same as assessing her credibility with regard to her hearing impairment.  Nevertheless, to the extent Ms. Flores is challenging the ALJ's credibility assessment regarding Ms. Flores' allegations concerning her ability to work, the Court finds, for the reasons stated below, that the ALJ's credibility finding is supported by evidence in the record and should not be overturned.

An ALJ's decision, "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7p at *4.  The Tenth Circuit has "emphasized that credibility determinations are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citation and internal quotation marks omitted).  In making his finding that Ms. Flores has the RFC for light and sedentary work, the ALJ stated that "[g]iven the inconsistencies in this record, together with Ms. Flores' apparent lack of initiative or concern about obtaining working hearing aids, I find that her allegations concerning her ability to work are only partially credible."  (*R. at 14*.)  The ALJ makes specific references to the Record for his finding.  (*R. at 13-14*).  First, the ALJ cites to the *R. at 114*, where Ms. Flores states in her Disability Determination Examination on August 7, 2006, that she has worked in sales, at a fast food store, and, most recently, for one day at a fast food chain

before she was fired because she could not hear and communicate.  ALJ compares these statements with the *R. at 53*, where Ms. Flores states in a worksheet regarding her work background that she worked at two different fast food restaurants in food preparation in 2003 and 2004, respectively, and at a gas station as a cashier and clerk from January 2005 to January 2006.  The ALJ also notes that Ms. Flores told a Social Security employee on May 9, 2006, that her car had broken down and that she would need to get a job for a while to save money to have it fixed.  (*R. at 14*) (*citing R. at 122*).  Next, the ALJ cites to the *R. at 60* where Ms. Flores states in her Disability Report - Appeal that starting in February 2006, she had problems with increasing earaches and migraine headaches, and compares that to the *R. at 94* where, in Ms. Flores' audiology evaluation by her treating physician on November 7, 2007, no mention is made of earaches or migraine headaches.  (*R. at 14*).

The Court finds that the evidence in the record supports the ALJ's finding that Ms. Flores is only partially credible regarding her allegations concerning her ability to work.  First, in her August 7, 2006 Disability Determination Examination, Ms. Flores inexplicably omitted mention of her job at a gas station from January 2005 to January 2006, which appears to be the longest period Ms. Flores has been employed and, therefore, her most significant employment.  *Compare R. at 114 with R. at 53.*  This omission, coupled with the other discrepancies the ALJ cites to in the record regarding Ms. Flores' work history and symptoms, provides support for a finding of partial credibility.  *See Gilbert v. Astrue*, No. 06-1137, 231 Fed. Appx. 778, 779, 2007 WL 1068104 (10th Cir. April 11, 2007) (unpublished) (defining "substantial evidence" as that which a "reasonable mind might accept as adequate to support a conclusion," is not "overwhelmed by other evidence in the record," and does not constitute "mere conclusion") (citations and internal quotation marks omitted).  Therefore, because the ALJ provided specific reasons for his finding on Ms. Flores' credibility, because those findings are supported by the evidence in the record, and because the ALJ

explained that he found Ms. Flores partially credible regarding her ability to work which demonstrates that he gave partial weight to her statements regarding her ability to work, the Court finds no reason to overturn this finding.

## V.  Conclusion

For the reasons stated above, the Court **FINDS** that the ALJ's finding that Ms. Flores' is able to perform jobs that exist in significant numbers in the national economy is not supported by substantial evidence without VE testimony.  Accordingly, the Court will grant Ms. Flores' ***Motion to Reverse or Remand Administrative Agency Decision*** *(Doc. 16)* and remand this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that Ms. Flores' ***Motion to Reverse or Remand Administrative Agency Decision*** *(Doc. 16)* be **GRANTED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**